BEN. E. CABELL ET AL. v. A. B. FLOYD ET AL.

Decided April 5, 1899.

**1. Replevin—Sureties—Judgment—Notice.**

The obligation of sureties on a replevin bond for sequestered property (Revised Statutes, article 4876) placed them before the court and was tantamount to a waiver of service, making notice to them of subsequent proceedings upon motion by plaintiff, to enforce their liability, unnecessary.

**2. Same.**

In suit for foreclosure of chattel mortgage, the property, being sequestered, was replevied by defendant; foreclosure was denied in the trial court, but was awarded plaintiff on his appeal without passing upon the liability of the sureties. Held, that, on the property not being forthcoming to meet an order of sale thereafter issued by the trial court to enforce the foreclosure, such court could then render judgment against the sureties for the value of the replevied property, on motion of plaintiff and without service on such sureties.

**3. Same—Judgment Against Principal.**

Judgment having been rendered against defendant for the debt sued for, the judgment against him and the sureties on his replevin bond was not rendered void because the pleadings failed to ask judgment against such defendant on the bond.

**4. Principal and Surety—Judgment Void or Voidable.**

Judgment against the sureties without taking judgment against the principal, is not for that reason void nor subject to be enjoined.

**5. Injunction—Judgment—Presumption.**

To authorize injunction against a judgment as void, the presumption that it was correct must be met by negativing all facts which might have supported it: e. g., sureties claiming it to be void as to them because not lawfully rendered against the principal should negative the insolvency of the principal, by which such judgment might have been warranted.

APPEAL from the County Court of Dallas. Tried below before Hon. KENNETH FOREE.

*Chas. I. Evans,* for appellants.

*Harry P. Lawther,* for appellees.

FISHER, CHIEF JUSTICE.—August 20, 1894, the Hollenberg Music Company brought suit in the Justice Court against John Morris to recover the balance of the purchase money due on a piano, claiming a lien on the piano, and on the same day sued out a writ of sequestration and the constable seized the property under the writ. The said John Morris gave the constable a replevy bond in the sum of $200, payable to Hollenberg Music Company, with the appellees A. B. Floyd and J. R. Johnson as sureties, conditioned, as required by the statute, that said John Morris would not remove said piano out of Dallas County, and that he would

have it, with the value of the fruits, hire, or revenue of the same, forthcoming to abide the decision of the court, or that he would pay the value thereof, and of the fruits, hire, or revenue of the same, in case he should be condemned so to do.

On the trial in the Justice Court a personal judgment was rendered for the plaintiff against the defendant for the debt claimed, but the foreclosure of the lien on the piano was refused. On appeal to the County Court the same judgment was there rendered, and the plaintiff appealed to the Court of Civil Appeals. On the 13th of April, 1896, the Court of Civil Appeals for the Fourth District reversed the judgment of the County Court and rendered judgment in favor of the Hollenberg Music Company for the sum of $66.60, with interest at the rate of 6 per cent per annum from June 9, 1894, together with all costs of that court, the County Court, and the Justice Court, and foreclosing the lien on the piano, as claimed.

The mandate of the appellate court was filed in the County Court, and on the 8th day of June, 1896, an order of sale was issued on said judgment, which was returned by the sheriff that said piano could not be found in his county.

On the 15th day of June, 1897, the Hollenberg Music Company filed a motion in the County Court, setting up the above facts and praying that a judgment nunc pro tunc, as of July 8, 1896, be rendered against A. B. Floyd and J. R. Johnson, the sureties on said replevy bond, for the amount of said judgment and costs, and on June 19, 1896, the motion was granted and judgment nunc pro tunc entered against them as prayed for, but no notice of said motion was served on either of said sureties.

On the 8th day of September, 1897, execution was issued on said judgment, and the sheriff of Dallas County was about to levy upon the property of A. B. Floyd, when he presented his petition for injunction to the county judge and it was granted. The petition for injunction sets out substantially the foregoing facts, and relies mainly upon the fact that no notice of the motion to enter judgment nunc pro tunc was personally served on Floyd and Johnson.

The trial court perpetuated the injunction for the reason given that the County Court was wanting in jurisdiction to render the judgment of date June 19, 1897. It appears from the judgment of the Court of Civil Appeals, which foreclosed the lien upon the piano in question, as previously stated, that they affirmed the judgment of the trial court against the original defendant John Morris and simply foreclosed the lien on the piano in question. The replevy bond, which had been previously executed by Morris, with Floyd and Johnson as sureties, under the terms of the statute, was not before the Court of Civil Appeals for consideration, nor did that court pass upon the liability of the obligors in that instrument.

After the mandate was issued from the Court of Civil Appeals to the County Court of Dallas County, the trial court which originally disposed of the case, that court, that is the County Court, had issued an order of

sale, which was returned with an indorsement to the effect that the piano could not be found in Dallas County.

Thereafter, on the 15th of June, the appellant filed a motion in the County Court of Dallas County setting up the above facts and praying for a judgment against A. B. Floyd and J. R. Johnson, as sureties on the replevy bond. On the 19th of June, 1897, this motion was heard, without notice of the same to Floyd and Johnson, and the County Court rendered a judgment in favor of the appellant, the Hollenberg Music Company, against the principal, Morris, and the sureties, Floyd and Johnson, for the sum of $66.60 and all costs of the County Court and of the Court of Civil Appeals. On the 8th of September, 1897, execution was issued upon this judgment, which was enjoined by the appellee Floyd, and which was perpetuated, as previously stated, by the judgment now appealed from.

The real question in the case is whether the County Court had the authority to render the judgment against Morris and the sureties on his replevy bond, after a return of the order of sale showing that the property sequestered could not be found in the county. Article 4876 of the Revised Statutes states that "the bond provided for in the three preceding articles (which refers to the articles relating to replevy bonds in sequestration proceedings) shall be returned with the writ to the court from whence the writ issued, and in case the suit is decided against the defendant, final judgment shall be entered against all of the obligors in such bond, jointly and severally, for the value of the property replevied and the value of the fruits, hire, revenues, and rents thereof, as the case may be."

The judgment of the Court of Civil Appeals did not undertake to pass upon the liability of the obligors in the replevy bond. That was a question that was not before that court. It simply determined that the plaintiff was entitled to a judgment against Morris and to a foreclosure, as against him, of the lien on the piano in question. The judgment of that court might have been based upon the right of the plaintiff to a lien on the piano, independent of any sequestration proceedings looking to a foreclosure of that lien. Consequently, it is not believed that the judgment of the Court of Civil Appeals concluded an inquiry into the liability of the sureties on the replevy bond. The County Court had the power to issue an order of sale carrying into effect the judgment of the Court of Civil Appeals, and upon the return of that order, showing that the property upon which the lien was foreclosed could not be reached, we think the County Court under these circumstances had the authority, by virtue of the article of the statute quoted, to render a judgment against the obligors in the replevy bond. Their obligation was a part of the proceedings in the cause, and it was an agreement to the effect that they would become bound, jointly and severally, for the value of the property in the event judgment should be given against their principal foreclosing the lien. This obligation placed the sureties before the court, and it was, in effect, an agreement that judgment might be rendered against them, if their principal should be liable for the property. It was tantamount

to a waiver of service, and it was not essential that they should thereafter be given notice that the plaintiff was about to take steps to enforce their liability on the bond.

Appellee contends that the judgment of the County Court is also void, because the proceedings upon which that judgment was based did not ask for any judgment against the principal on the bond. It appears from the facts, as stated in the record, that the County Court did render judgment against Morris, the principal, in connection with the sureties, Floyd and Johnson. Judgment had also been previously rendered against Morris by the Court of Civil Appeals; but, however, we think from the facts as stated in the record that the judgment of the County Court can not be assailed for the reasons given by the appellee.

The appellee's relief by injunction against the enforcement of the judgment in question is based upon the theory that the judgment is void. A judgment rendered against the sureties, although not rendered against the principal, can not be said to be void, and at best it is only voidable, and if we concede that the County Court had jurisdiction in a proceeding of this nature and it rendered judgment against the sureties, without at the same time rendering judgment against the principal, that judgment would not be void; and if the sureties were dissatisfied with it, they should resort to a different remedy than injunction.

There is another view of this question which, to our minds, clearly answers the contention of the appellee. We have held that the County Court had jurisdiction to render the judgment in question. Having so determined, in the absence of fact to the contrary, we must assume that it had before it and passed upon all the facts necessary to authorize it to render judgment in the manner and form as rendered. From aught that appears in the record, the County Court, in rendering the judgment in question, may have had before it facts which established the insolvency of the principal Morris, and if such was the case judgment could have been rendered against the sureties without making him a party to the proceeding. Now the appellee, being the actor in this proceeding and seeking to avail himself of the writ of injunction to restrain the enforcement of the judgment, must establish all the facts necessary to show that the judgment is void. And if it could be conceded, which is not admitted, that the judgment could, for any possible reason, be held void because the principal in the replevy bond was not a party to the proceeding, an answer to this contention would be that it is not shown that facts did not exist at the time of instituting the proceeding in the County Court and the rendition of the judgment, that would authorize the court to proceed without the principal being a party.

The judgment appealed from is reversed and judgment here rendered to the effect that the appellee take nothing by his suit, and that the petition and the writ of injunction be dismissed, and that the County Court of Dallas County issue an execution carrying into effect its judgment heretofore rendered. The costs of the court below, as well as of this court, are adjudged against the appellee.

*Reversed and rendered.*