GLENN *v.* PORTER.

Opinion delivered June 23, 1900.

1. REPLEVIN—JUDGMENT AGAINST SURETY—JURISDICTION.—One who signs a replevin bond as surety in the sheriff's presence, as provided by section 6387, Sand. & H. Dig., thereby becomes a party to the action, and a judgment rendered against him is not without jurisdiction, though the bond was never returned by the sheriff, as required by section 6393. (Page 323.)

2. SAME—NON-SUIT—EFFECT.—A judgment in replevin, reciting that plaintiff asked to take a non-suit, which was granted, and that there-

upon defendant asked for judgment against plaintiff and surety for re-
turn of the property replevied, or its value, which was rendered, is not
void on its face for want of jurisdiction in the court to render judgment
against the plaintiff and his surety after granting a non-suit to plaintiff.
(Page 324.)

Certiorari to Independence Circuit Court.

FREDERICK D. FULKERSON, Judge.

### STATEMENT BY THE COURT.

Petitioner asked for certiorari to quash the following judg-
ment: "In the Independence Circuit Court, spring term, 1899.
On Monday April 17, 1897, a regular day of said term of court,
among other things the following proceedings were had, to-wit:
P. A. Olson *v.* Jeff Porter.    On this day, this cause coming on
to be heard, and both parties being present in person and by
attorneys, the defendant announced ready for trial, whereupon
the plaintiff asked to take a non-suit, which was by the court
granted; and thereupon the defendant asked for judgment in
his favor.    And, the court being fully advised in the premises,
and it appearing from the proceedings that this is an action of
replevin in which the plaintiff had obtained possession of the
property mentioned herein, and that the plaintiff had executed
a replevin bond, with John W. Glenn as his surety, the court
is therefore of the opinion that the defendant should recover
the possession of the property or its value.    It is therefore
considered, ordered and adjudged by the court that the defend-
ant, Jeff Porter, have and recover of and from the plaintiff,
P. A. Olson, and John W. Glenn, surety on the replevin bond,
one dark brown mare mule, about eleven years old, branded
'HW' on left shoulder, or the sum of twenty-five dollars, the
value of said mule; one bay mare mule, five years old, $14\frac{1}{2}$
hands high, or twenty-five dollars; one $2\frac{3}{4}$ Tennessee wagon,
or the value, fifteen dollars; one double set of harness, or ten
dollars, the value of said harness; and one lot of household
and kitchen furniture, or twenty-four dollars.    And it is further
considered, ordered and adjudged by the court that the defend-
ant have and recover of and from the plaintiff all his costs
had, laid out, and expended in this action; that if said prop-
erty be not restored to the defendant within ten days from the

rendition of this judgment, that execution issue against the plaintiff and John W. Glenn, for the value of said property; and it appearing that this judgment had not been entered of record on the 19th day of this term of court, it is ordered that same be entered now for then."

The grounds alleged for quashing the judgment are:

"First. That there was no bond executed by him [Glenn, the petitioner] filed in said action, so as to give the court jurisdiction of his person, and that said judgment was rendered against him without notice. Second. That the forthcoming bond which your petitioner signed as security for said Olson is so fatally defective in form and substance that it can not be construed to be a good statutory bond in an action of replevin; and, even if it had been filed in court and introduced as evidence, the court could not have rendered a lawful judgment thereon in said action against your petitioner. Third. That when the plaintiff, Olson, by permission of the court, took a non-suit, he was then out of court, and all subsequent proceedings in that action were purely *ex parte*, and no lawful judgment could be rendered against him for the return of the property or its value. Fourth. That, notwithstanding the aforesaid judgment against your petitioner is absolutely void, yet the said Jeff Porter, by his attorney, caused an execution to issue, etc., and is threatening to levy same, etc." By an amendment to the original petition it is asked that Olson also be made a party plaintiff, and that the judgment against him also be quashed—"*first*, because, having taken a non-suit, he was out of court, and no longer within its jurisdiction; *second*, the defendants having failed to file a plea to the merits, there was no law entitling them to a judgment."

There was a demurrer to the petition for certiorari, as follows: (1) That the matters set up in said petition are properly presentable on appeal to this court. (2) That the levy of an execution as set forth by the petitioner could have been prevented by the filing in due time of a supersedeas bond. (3) That the matters set forth in said petition do not constitute a cause of error or complaint upon the part of petitioner, and were entirely within the jurisdiction of the court, and were

proper." The writ was issued, and the record of the proceedings of the circuit court brought up.

*H. S. Coleman*, for petitioners.

The plaintiff had the right to dismiss. Sand. & H. Dig., § 5792. Defendant can ask for a trial, after plaintiff dismisses, only in cases when a plea of counterclaim or setoff has been filed by him. *Ib.* § 5854. Olson having taken a non-suit, no appeal would lie. 14 Ark. 625; 24 Ark. 601–2. Defendant, not having pleaded to the merits or denied plaintiff's allegations of title, was not entitled to a judgment for the property. Sand. & H. Dig., § 5761; 6 Ark. 206; 7 Ark. 28; 11 Ark. 9, 12; 24 Ark. 275. The judgment against Olson was void. There could have been no judgment against the surety, except in the alternative. Sand. & H. Dig., § 6400; 29 Ark. 282–3; 50 Ark. 291. The bond taken by the sheriff was so defective that no judgment could be legally rendered thereupon. 54 Ark. 13; 56 Ark. 291; Sand. & H. Dig., §§ 6387, 6393.

*J. C. Yancey*, for respondent.

The application for certiorari is improper, because, *first*, the matters complained of are reversible on appeal; and, *second*, because the judgment was correct. It was proper to include the surety in the judgment, Sand. & H. Dig., § 6400. The complaint showed the value of the property, and that was sufficient to sustain the judgment. 19 Ark. 319; 32 Ark. 470. The surety was a party to the suit. 37 Ark. 206. He was not entitled to notice before judgment could be rendered against him. 31 Ark. 194. He can not set up that there was any defect in the bond. 10 Ark. 89; 22 Ark. 528; 21 Ark. 447; 23 Ark. 235; 60 Ark. 212. Certiorari is not permissible where appeal lies. 43 Ark. 33; 39 Ark. 347; 39 Ark. 399; 43 Ark. 341; 44 Ark. 511; 52 Ark. 213; 61 Ark. 605. The recitals of the judgment are unimpeachable. 50 Ark. 188; *ib.* 338; 61 Ark. 464; 28 Ark. 146.

WOOD, J., (after stating the facts.) 1. The recital of the judgment is: "And the court being fully advised in the premises, and it appearing from the proceedings that this is an action of replevin in which the plaintiff had obtained possession

of the property herein, and that the plaintiff had executed a replevin bond with John W. Glenn as his surety." This recital shows that Glenn, petitioner, was a party to the replevin suit. Although the bond may not have been returned by the sheriff with the order of delivery, as required by § 6393 of Sandels & Hill's Digest, this is not a matter of which the surety can complain, or take advantage of to show that he was not a party to the proceedings. The bond is given for the benefit of the defendant in the action. When it has been executed in the presence of the sheriff, as required by section 6387, *id.*, and the property has been taken away from the defendant, and delivered to the plaintiff, it has performed its office, and the surety, by the act of executing the bond, has made himself a party to the suit, and thereafter shall be so considered, and no further notice is required.

*Non est factum* is not pleaded. It appears that the bond was taken by the sheriff, executed by petitioner, and the property taken from the defendants, and delivered to the plaintiff, in the replevin suit. The judgment shows the execution of the bond by petitioner, and, even if it were proper to consider the affidavit of the sheriff that the bond was "never filed in the clerk's office" (which we do not decide), that does not contradict the recitals of the judgment. The sheriff, on motion of defendant, could have been made to bring the bond into court before any judgment was rendered upon it. For aught that appears to the contrary, the bond was before the court when he rendered judgment. Suffice it to say, we must accept the recitals of the judgment as true, although the bond may not have been filed in the clerk's office, and although the sheriff at the time he made his affidavit might have still had the bond in his possession. Glenn, then, being a party to the record, if the court had jurisdiction to render judgment against Olson, his principal, all other matters of which he here complains could and should have been corrected on appeal.

2. Did the court have jurisdiction to render the judgment complained of against Olson? It is urged that it did not have, for two reasons: (a) Because, having taken a non-suit, he (Olson) was out of court, and no longer within its jurisdiction;

(b) the defendants having failed to file a plea to the merits, there was no law entitling them to judgment.

The judgment must be looked to as a whole. The judgment of non-suit, and for a return of the property to the defendants or its value, is all in one entry. All doubtless took place simultaneously, and was intended to embrace, and did embrace, one order. The parties were all before the court. Section 5792 of Sand. & H. Dig. provides that the plaintiff may dismiss any action in vacation in the office of the clerk, on the payment of all costs that may have accrued therein, except an action to recover the possession of specific personal property, when the property has been delivered to the plaintiff. This shows the policy of the law. True, "there is nothing in this statute that prohibits a plaintiff in replevin from dismissing his action in term time with the consent of the court." But it would be monstrous for any court to yield its consent to such a proceeding, leaving the plaintiff in the possession of the property which the processes of law had enabled him to acquire. It was unnecessary to make such a prohibition, for it will always be assumed that courts will not consent for, or permit, one to profit by his own wrong. The defendant asked for judgment in his favor, just as soon as the plaintiff moved for a non-suit. This was tantamount to denying the plaintiff's right to the property, and was, to all intents, setting up a claim to the property. Before the judgment of non-suit was entered, the defendant interposed his claim to the property, which, although verbal, was equivalent to an objection to the verbal motion to non-suit, unless the property was returned to the defendant. It was in answer to plaintiff's verbal motion to dismiss. There is nothing in the case like those cases where, instead of urging some claim to the property, the defendant interposes a plea in abatement or in bar of the proceedings. Here it appears from the judgment that defendant announced, "Ready for trial." It does not appear from this that he was seeking to avoid a determination of the matters in controversy on the merits. The effort to avoid the trial was by plaintiff.

We find nothing in the record for which to quash the judgment of the circuit court in the case of P. A. Olson *v*. Jeff

Porter.   The petition for a writ of certiorari is therefore dismissed.

BATTLE, J., not participating.