## BECOVITZ *v.* SAPERSTEIN ET AL.

[No. 7,124. Filed October 5, 1910.]

1. REPLEVIN.—*Bonds.—Liability to a Defendant Petitioning to Be Made a Party.*—The sureties on a replevin bond executed by the plaintiff in an action in replevin, are liable to one who was subsequently made a defendant on his own petition, and who was adjudged the owner and entitled to the possession of the property. p. 341.
2. ACTION.—*Parties.—Additional.*—Any one having an interest in the subject-matter, by the filing of a proper petition, may be made a party to an action. p. 341.
3. REPLEVIN.—*Bonds.—Beneficiaries.—New Parties.*—Sureties on a replevin bond are required to know that new parties may be admitted to defend the action. p. 341.
4. PRINCIPAL AND SURETY.— *Favorites.— Contracts.—* Sureties are not favorites of the law, but their contracts are interpreted the same as others. p. 341.
5. JUDGMENT.—*Failure of Issues.*—It is erroneous to render judgment, where no issue has been made. p. 342.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Abraham Becovitz against Abraham Saperstein and another. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Joseph E. Henley* and *R. H. East,* for appellant.

*Charles Martindale,* for appellee United States Fidelity and Guaranty Company.

COMSTOCK, C. J.—Appellant instituted this action on a replevin bond executed ·by appellees in a replevin action brought by appellee Saperstein against Frank Drehoble and the Southern Indiana Railway Company.

The complaint alleges the bringing of the action of replevin to get possession of certain chattels, the failure of defendants to give bond within the statutory time, and that thereafter, for the retention of the possession of said property, said Abraham Saperstein executed his bond, a copy of which is made a part hereof, with his codefendant, the United States Fidelity and Guaranty Company as surety thereon, conditioned that he would prosecute his action with effect, and return said property to the defendant in said replevin action if return should be adjudged by said court; that said bond was delivered to and approved by said sheriff, and said property delivered by said sheriff to said defendant Saperstein; that such proceedings were thereafter had in said ₁cause that at the ———— term, 1902, of the Lawrence Circuit Court plaintiff was, by order of the court, made defendant in said cause, and said replevin bond became effective as to him and for his benefit, as well as the other defendants mentioned in said bond; that a trial of said cause was had and judgment rendered in favor of plaintiff for the return of the property; that no part of said property, which was of the value of $432.75, has been returned to this plaintiff, defendant in said replevin cause, and no part of said judgment has been paid or satisfied.

·Appellee guaranty company's separate demurrer for want of facts was sustained, and, appellant refusing to plead over, judgment was rendered thereon, that appellant take nothing by this action and that appellees recover their costs.

The errors assigned are (1) the sustaining of the de-

murrer of appellee guaranty company to the amended complaint; (2) rendering judgment in favor of appellees; (3) rendering judgment in favor of appellee Saperstein on the issues of said cause.

It is claimed by appellee guaranty company that "when the replevin bond was executed, appellant was not a party to the action, and that therefore he could have no right of action upon the bond; that said surety contracted only with Drehoble and the Southern Indiana Railway Company, the two original defendants in the replevin action; that sureties are favorites of the law, and their liability cannot be enlarged beyond the strict terms of their contract." We think this claim cannot be allowed. In an action for the return of personal property, a person, though not a party to the action, having an interest in the subject-matter thereof may be made a party upon proper application to the court. §273 Burns 1908, §272 R. S. 1881.

Of this section of the statute the surety was bound to take notice when the bond was executed. The undertaking obligated the surety to return the property involved "to the defendants" if the return was adjudged, that is, to those who are defendants at the time the judgment is rendered. This interpretation does not change or enlarge the liability of the surety, although it may change the beneficiary. The suit was instituted to determine the rights of the parties in the property in question, and such rights could be settled only by the adjudication. But one bond is contemplated for the return of property in one action, and that is for the benefit of any party to the action when the return is adjudged. We find no decisions upon the identical questions here decided, nor any contrary to the conclusions reached.

That "sureties are favorites of the law," is a popular fallacy. Between litigants the law is indifferent and has no favorites. The contract of the one is as binding as that of the other.

Appelle Saperstein was not ruled to answer, and did not answer or demur to the amended complaint. There was therefore no issue as to him, and the court erred in rendering judgment in his favor.

Judgment reversed, with instructions to overrule appellee United States Fidelity and Guaranty Company's demurrer to the amended complaint, and for other proceedings in harmony with this opinion.