FIRST COMMERCIAL BANK OF PONTIAC v. VALENTINE et al.

(Supreme Court, Appellate Division, First Department.    February 7, 1913.)

1. REPLEVIN (§ 124*)—LIABILITY ON BOND—EXTENT.
   Sureties on a replevin bond, conditioned in the language of Code Civ. Proc. § 1699, for the return of the chattels and for the payment to the defendant of any sum which the judgment awarded to him against the plaintiff, were not liable for the amount of a judgment for damages from the detention and costs, in favor of a third person subsequently made a party defendant and awarded possession of the chattels.
   [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 487–497; Dec. Dig. § 124.*]

2. PRINCIPAL AND SURETY (§ 59*)—LIABILITY OF SURETY.
   The liability of sureties is strictissimi juris, and should not be extended by construction.
   [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 103, 103½; Dec. Dig. § 59.*]

3. PRINCIPAL AND SURETY (§ 66*)—EXTENT OF LIABILITY.
   Code Civ. Proc. § 815, providing that a bond or undertaking given in an action or special proceeding continues in force after the substitution of a new party in place of an original party, or any other change of parties, and has thereafter the same force and effect as if then given anew in conformity to the change of parties, only preserves unimpaired the liability on the bond or undertaking in favor of the party for whose benefit it was given, and does not extend such liability to the new parties.
   [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 108–110, 112; Dec. Dig. § 66.*]

   McLaughlin and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the First Commercial Bank of Pontiac against Moses M. Valentine and another. From an interlocutory judgment overruling a demurrer to the amended complaint, defendants appeal. Reversed, and demurrer sustained in part.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Herbert C. Smyth, of New York City, for appellants.
Alfred A. Wheat, of New York City, for respondent.

DOWLING, J. The Welch Motor Car Company of New York, on July 10, 1908, brought an action in replevin against P. Brady & Son Company to recover possession of two automobiles, and in that action the defendants herein, Valentine and Bloch, made and delivered

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the sheriff a written undertaking, pursuant to the statute, which recited that: Whereas L. H. Perlman, the president of the plaintiff in that action, had made an affidavit that the defendant therein wrongfully detains certain chattels to the value of $7,200, and the plaintiff claims the delivery thereof; therefore, and in consideration of the taking of said chattels, or any part thereof, by the sheriff of the said county of New York, by virtue of the said affidavit and the requisitions thereon indorsed, the said Moses M. Valentine and Isidor Bloch—

"jointly and severally undertake and are bound to the defendant in the sum of fourteen thousand and four hundred dollars for the prosecution of the action, for the return of the chattels to the defendant, if possession thereof is adjudged to it, or if the action abates, or is discontinued before the chattels are returned to the defendant, and for the payment to the defendant of any sum which the judgment awards to him against the plaintiff."

This undertaking is entitled in the action of "Welch Motor Car Company of New York, Plaintiff, against P. Brady & Son Co., Defendant." The sheriff thereupon replevied the chattels from the possession of P. Brady & Son Company, and delivered them to the Welch Motor Car Company. Thereafter, on October 28, 1909, an order was made in said replevin action, directing that the First Commercial Bank of Pontiac, the plaintiff herein, be made a party defendant thereto, and that the summons and complaint be amended accordingly, pursuant to which the said bank appeared and answered the complaint; and judgment was entered on November 22, 1910, awarding the possession of the chattels in question to said bank, fixing their value at $2,500, with damages in the sum of $5,924.95 for their detention, and that if same were not returned to the bank by the Welch Motor Car Company the latter should pay the former the sum of $8,424.95. An appeal was taken from that judgment, which was affirmed by this court March 22, 1912. 149 App. Div. 945, 134 N. Y. Supp. 1150.

The complaint herein sets forth three causes of action. The first is based upon a statement of the foregoing facts and further allegations of the return of a judgment unsatisfied, of the failure to return the chattels, or to pay any part of the judgment, and of an assignment by P. Brady & Son Company to this plaintiff of all its claim against the defendants on the undertaking. Judgment is asked against the defendants herein in the sum of $8,424.95, being the amount of the said judgment.

The third cause of action, after reciting the same facts, asks for judgment against the defendants in the sum of $93.87, being the costs awarded in favor of the bank upon the appeal hereinbefore referred to.

[1] The second cause of action sets forth the same facts, and asks judgment in the sum of $107.76, being the costs awarded upon said appeal in favor of P. Brady & Son Company. Liability upon this cause of action is not contested by the defendants. The present appeal is taken from the interlocutory judgment overruling the demurrer to the first and third causes of action, and the question involved is whether the sureties upon the undertaking were liable only to the sole defendant before the court when their undertaking was given, namely, P. Brady & Son Company, or whether they are liable as well to the de-

fendant subsequently brought in, namely, the First Commercial Bank of Pontiac. It will be noticed that the undertaking which is given is one the form of which is fixed by statute. Section 1699, Code Civ. Proc. It is given in an action the parties to which are specifically named, and refers to an affidavit in which the defendant then named is specifically charged to have wrongfully detained the chattels in question. By its terms the sureties bind themselves "to the defendant"; that is, to the only defendant then known to the court or to them, and to the only person who was charged with having committed the wrongful act. In effect, they bound themselves to make good to the defendant then named any damage which he might sustain by reason of the plaintiff's unwarranted assertion of a claim against him. It is obvious that sureties might well hesitate before giving an undertaking which would insure the world at large against loss sustained by reason of an unwarranted assertion of a claim on plaintiff's part. The sole conflicting claims as between which they undertook to assume liability were those between the plaintiff and defendant then present and litigating.

[2] The liability of sureties is strictissimi juris, and should not be extended by construction. McCluskey v. Cromwell, 11 N. Y. 593; Barns v. Barrow, 61 N. Y. 39, 19 Am. Rep. 247. To hold that the plain language of this undertaking should be construed to mean that the sureties are bound "to any person" or "any defendant" would be, we think, to unreasonably extend the fair import of the undertaking. While the question as to the construction to be given to such an undertaking has never been directly passed upon by the court, it would seem that the construction now given to this undertaking is the one which has been heretofore generally accepted as the correct one. In Hochman v. Hauptman, 76 App. Div. 72, 78 N. Y. Supp. 659, an order directing the issuance of a supplementary summons against Abraham Barasch as a party defendant in the place of John Doe, in an action in replevin, was unanimously reversed by this court, and in the opinion of Mr. Justice Laughlin in that case it was said:

"If the appellant had been joined originally, he would have been protected by the undertaking, and he could have excepted to the sureties, or have reclaimed the property. Sections 703, 704, Code Civ. Proc. It is not clear that the appellant's rights could be fully protected if he were not brought in as a party defendant."

In Goldstein v. Shapiro, 85 App. Div. 83, 82 N. Y. Supp. 1038, a motion was made by the plaintiff, in an action in replevin, to bring in by supplementary summons a stranger, who had filed a third party claim with the sheriff. The order granting the relief was reversed by the Appellate Division, Second Department, and in his opinion Mr. Justice Jenks said:

"Nor is it an answer that the plaintiff could have made him a party originally, because if this had been done the third party would have had the protection of the undertaking, which he now has not; and he could have excepted to the sureties or reclaimed the property, which he now cannot do. These considerations moved the court in Hochman v. Hauptman, 76 App. Div. 72 [78 N. Y. Supp. 659]."

The case of Christal v. Kelly, 88 N. Y. 285, is not in conflict with these authorities; for there the defendants for whom the undertaking had originally been given were members of a firm, the third member of which was subsequently brought in as a party defendant. When the sureties sought to avoid liability upon the undertaking, they did so, among other grounds, on the claim that, as they had given an undertaking to pay the judgment against the two defendants originally named, they were not liable for a joint judgment against those persons and others. But that was the case of an undertaking given to secure the discharge of a warrant of attachment; and, as the court well pointed out, it was intended for the benefit of defendants whose property had been, or might be, attached under process, to enable them to substitute for the property which had been or might be attached security for the payment of any judgment which might be recovered in the action, and thereby relieve their property from the actual or apprehended lien of the process. The court further said:

"It is also clear that, except for the undertaking, the attached property would have been available to satisfy the judgment obtained against these defendants. If the plaintiffs could have proceeded against the property, in case the undertaking had not been given, it seems to follow that they can proceed against the sureties, who have substituted their obligation in place of it."

The vital difference, it will be seen, between the case just cited and the case at bar is: First, in the Christal Case the undertaking was given to retain in the possession of specified defendants property which they then had, and which could otherwise have been held by the plaintiff to satisfy his claim; and, second, that the defendants who were indemnified by the undertaking were defendants then actually present in court and named in the undertaking. We have been referred to no case where sureties have been held liable as to third parties, who were in no way referred to or included in the language of the undertaking itself.

[3] Nor does section 815 extend the liability of the sureties under the undertaking. That section reads as follows:

"A bond or undertaking, given in an action or special proceeding, as prescribed in this act, continues in force, after the substitution of a new party in place of an original party, or any other change of parties; and has thereafter the same force and effect, as if then given anew, in conformity to the change of parties."

The sole effect of this section is to preserve unimpaired the liability upon a bond or undertaking in favor of the party for whose benefit it was given, regardless of any subsequent changes in the parties to the action. It is not disputed that the liability of the sureties upon the undertaking in question still existed in favor of P. Brady & Son Company despite the bringing in of the bank as an additional party defendant; and that, it seems to me, is the sole effect of this section upon the situation in this case. It follows, therefore, that the sureties upon the undertaking herein were liable only to the original defendant in the action, namely, P. Brady & Son Company; and that the bringing in of the bank as an additional party defendant did not extend the protection of the undertaking to them.

The complaint, therefore, fails to state a cause of action in favor of the plaintiff herein, save in so far as it sets up a claim in favor of P. Brady & Son Company for the costs awarded to it upon the appeal; and the interlocutory judgment appealed from should be reversed, and the demurrer sustained as to the first and third causes of action.

INGRAHAM, P. J., and LAUGHLIN, J., concur.

McLAUGHLIN, J. I dissent on the ground that the undertaking, when given, took the place of the property. Its purpose was to insure a return of the property, in case a judgment were procured directing its return, and inured to the benefit of any party to the action entitled to the possession of the property at the time the judgment was rendered. Section 815, Code Civil Proc.; Christal v. Kelly, 88 N. Y. 285; Potter v. Van Vranken, 36 N. Y. 619; Becovitz v. Saperstein, 46 Ind. App. 339, 92 N. E. 551. The statute permits, under certain circumstances, the substitution of parties, and this fact must have been known to the sureties at the time the undertaking was given; and I think we should hold that it was given subject to such contingency. Helt v. Whittier, 31 Ohio St. 475; Howell v. Alma, 36 Neb. 80, 54 N. W. 126, 38 Am. St. Rep. 694.

I think the judgment should be affirmed, and the defendants permitted to withdraw their demurrer and interpose an answer, on payment of the costs in this court and the court below.

SCOTT, J., concurs.