# GRANT TIMBER AND MANUFACTURING COMPANY *v.* GRAY.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 136.   Argued January 19, 20, 1915.—Decided February 1, 1915.

A State may, without violating the Fourteenth Amendment, protect established possession of property against disturbance by anything other than process of law.

Article 55, Code of Practice of Louisiana, providing that one sued in a possessory action cannot bring a petitory action until after judgment shall have been rendered in the possessory action, and, in case he shall have been condemned, until he shall have satisfied the judgment given against him, is not unconstitutional under the due process provision of the Fourteenth Amendment.

131 Louisiana, 865, affirmed.

THE facts, which involve the constitutionality, under the due process clause of the Fourteenth Amendment, of Article 55, Louisiana Code of Procedure, relating to possessory and petitory actions, are stated in the opinion.

*Mr. Horace H. White,* with whom *Mr. Henry Moore, Jr.,* and *Mr. J. R. Thornton* were on the brief, for plaintiff in error.

*Mr. Patrick H. Loughran* and *Mr. John H. Mathews* for defendant in error, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a possessory action for land coupled with a demand for damages for timber taken by the defendant, the plaintiff in error, from the premises. After it was

begun the defendant brought a petitory suit to establish its title to the land and sought for a stay of proceedings in the present case until its title could be adjudicated, setting up that to allow the plaintiff to recover the value of the timber without proving ownership would be contrary to the Fourteenth Amendment and a taking of the defendant's property without due process of law. The plaintiff recovered a judgment for possession and money damages, subject to a stay of execution, but the Supreme Court struck the stay of execution out. It seems also to have ordered the defendant's petitory suit to be dismissed. The ground for both orders was Art. 55, Code of Practice. "He who is sued in a possessory action cannot bring a petitory action until after judgment shall have been rendered in the possessory action, and until, if he has been condemned, he shall have satisfied the judgment given against him." The only question is whether this act is valid. Some argument was attempted as to the scope and proper interpretation of the law but we have nothing to do with that.

It would be a surprising extension of the Fourteenth Amendment if it were held to prohibit the continuance of one of the most universal and best known distinctions of the mediæval law. From the *exceptio spolii* of the Pseudo-Isidore the Canon Law and Bracton to the assize of novel disseisin the principle was of very wide application that a wrongful disturbance of possession must be righted before a claim of title would be listened to—or at least that in a proceeding to right such disturbance a claim of title could not be set up; and from Kant to Ihering there has been much philosophising as to the grounds. But it is unnecessary to follow the speculations or to consider whether the principle is eternal or a no longer useful survival. The constitutionality of the law is independent of our views upon such points.

No doubt circumstances have changed. The proof of

title does not depend upon difficult evidence, technical procedure, or the duel. Usually a few sheets of paper copied from the registry and costing but a trifle will establish the right, often with less trouble than it takes to prove possession. But these are not the only considerations. The State is within its constitutional power when it limits the sphere of self-help. It may protect an established possession against disturbance by anything except process of law. It may attach such consequences to the disturbance as it sees fit, short of cruel and unusual punishment. If it ordains a *restitutio in integrum* or its equivalent in money it not only is adopting a familiar remedy, but, with the conditions attached in Louisiana, does not go so far as it might. The law of Louisiana requires uninterrupted possession for a year for the possessory action. Civil Code, Arts. 3454, 3455. If it had made a year the limitation for a petitory suit and had provided that the title should be lost in that time it would be hard to maintain that it had exceeded its constitutional power. *Blinn* v. *Nelson*, 222 U. S. 1, 7. *Kentucky Union Co.* v. *Kentucky*, 219 U. S. 140, 156. *Turner* v. *New York*, 168 U. S. 90.

*Judgment affirmed.*