### BIANCHI ET AL. *v.* MORALES ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.

No. 934.   Motion to affirm or advance, and to vacate stay, submitted April 16, 1923.—Decided May 7, 1923.

1. The court may affirm a decree dismissing a suit, without putting the parties to the expense of printing the full record, when the facts stated and admitted in the motion papers make it plain that the suit cannot be maintained.   P. 171.
2. The law of Porto Rico providing for summary foreclosure of mortgages without allowing other defenses than payment, but leaving the mortgagor plenary opportunity to assert other objections by separate suit, clearly does not deprive him of property without due process of law.   *Id.*

Affirmed.

APPEAL from a decree of the District Court of the United States for Porto Rico, dismissing, for want of jurisdiction, a bill to restrain summary foreclosure proceedings.

*Mr. Phelan Beale* and *Mr. George W. Study* for appellants.

*Mr. Carroll G. Walter* for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a bill in equity filed in the District Court to restrain proceedings under the Mortgage Law of Porto Rico to foreclose a mortgage. That law gives a summary suit in which, speaking broadly, no defence is open except payment, Mortgage Law Regulations, Art. 175, and it is contended that this deprives the plaintiffs, (appellants,) of their property without due process of law. The statutes give a separate action to annul the mortgage in which any defence to it may be set up, and also provide for a cautionary notice, Mortgage Law, Art. 42; Mortgage Law Regulations, Art. 91, which the Supreme Court of Porto Rico regards as a sufficient substitute for an injunction. *American Trading Co.* v. *Monserrat,* 18 P. R. 268. See *Romeu* v. *Todd,* 206 U. S. 358. The bill was dismissed by the District Court for want of jurisdiction. The appellees move that the decree be affirmed.

The facts stated and admitted in the motion papers make it so plain that the bill cannot be maintained that we shall affirm the decree below without putting the parties to the expense of printing the full record. Apart from other matters urged by the appellees the constitutional objection is simply another form of the objection to the separation between possessory and petitory suits familiar to countries that inherit Roman law and not wholly unfamiliar in our own. The United States, the States, and equally Porto Rico, may exclude all claims of ultimate right from possessory actions, consistently with due process of law. *Grant Timber & Manufacturing Co.* v. *Gray,* 236 U. S. 133. *Central Union Trust Co.* v. *Garvan,* 254 U. S. 554. Before these decisions it had been strongly intimated by Chief Justice White that the foreclosure by summary process allowed by the law of Porto Rico was valid, *Torres* v. *Lathrop, Luce & Co.,* 231 U. S. 171, 177, and a decision to the same effect was rendered by

the Supreme Court of the Island. *Giménez* v. *Brenes*, 10 P. R. 124. In view of these decisions we are of opinion that the constitutional question raised was only colorable and that the decree dismissing the bill was right.

*Decree affirmed.*