**GRIMES et al. v. PAYNE.**

No. 15325—Opinion Filed June 9, 1925.

Rehearing Denied March 30, 1926.

1. **Replevin—Surety on Replevin Bond Liable to Parties Subsequently Interpleaded.**

The undertaking of a surety on a replevin bond to return the property to the defendant if a return be adjudged, obligates the surety to those who are defendants at the time the judgment is rendered. A surety on a replevin bond is bound to know that, under the statutes, other parties may be interpleaded to whom his liability may extend.

2. **Judgment—Replevin — Not Subject to Collateral Attack When Facts of Jurisdiction Recited.**

In an action against the surety on a replevin bond, where the record recites fact showing that the court had jurisdiction in the replevin action, its judgment is not subject to collateral attack.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by Walter Scott Payne against C. L. Grimes and R. W. Ross as sureties on replevin bond. From a judgment for plaintiff, defendants appeal. Affirmed.

Bowling & Farmer, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. One Tapp agreed to exchange real estate with plaintiff, Payne, the latter depositing a Liberty Bond of the denomination of $500 in escrow in a bank, as the difference agreed to be paid to Tapp. For reasons immaterial here, the exchange of property was never made, each party forbidding the bank to deliver the Liberty Bond to the other. Thereupon, Tapp brought replevin action against the bank for the Liberty Bond, not joining Payne as defendant. His replevin bond was executed by defendants Grimes and Ross, as sureties. On failure of the bank to execute a redelivery bond, the Liberty Bond remained in the possession of Tapp. At the instance of the bank, Payne was made a defendant, and answered, claiming the bond. In the meantime, Tapp died, and, by agreement, his heirs were substituted as plaintiffs. The heirs proceeded to trial without objection to the manner of their substitution or the appearance of

Payne as a defendant. Alternative judgment was rendered for Payne. Such heirs having failed and refused to return the Liberty Bond to Payne, the latter brought the instant action against defendants as sureties for its value. From the judgment in favor of Payne, defendants have appealed.

1. Their first assignment is that Payne could not maintain the instant action for that he was neither a party to the replevin action nor named in the replevin bond. He was a party defendant in the replevin action. Tapp knew he was the owner of the bond and the real party in interest at the time he brought replevin against the bank. His failure to make Payne a defendant in that action was a specious evasion. Otherwise Payne had been an obligee in the replevin bond. Defendants Grimes and Ross were bound to know, when they executed the replevin bond for Tapp, that, under the statutes, parties other than the bank might be interpleaded. As said in Becovitz v. Sapperstein et al. (Ind.) 92 N. E. 551·

"The undertaking obligated the surety to return the property involved 'to the defendant' if the return was adjudged; that is, to those who are defendants at the time the judgment is rendered. This interpretation does not change or enlarge the liability of the surety, although it may change the beneficiary. The suit was instituted to determine the rights of the parties in the property in question, and such right could only be settled by the adjudication. But one bond is contemplated for the return of property in one action, and that is for the benefit of any party to the suit when the return is adjudged."

The replevin bond, secured by defendants, was in the statutory form, requiring defendants to pay all costs and judgments which might be awarded against Tapp and to return the Liberty Bond to the defendants if a return be adjudged. It does not lie in the mouths of defendants thus to say their obligation does not inure to the benefit of Payne though not nominally an obligee thereof.

2. It is next contended that the judgment in replevin on which this action is based is void. This is a collateral attack. The journal entry of said judgment, shown in this record, recites facts showing that the court had jurisdiction. Such judgment is, therefore, not subject to collateral attack. Continental Gin Co. v. DeBord, 34 Okla. 66, 123 Pac. 159. Such judgment became the law of the case and defendants were bound thereby. Holleman v. Cushing et al., 84 Okla. 156, 202 Pac. 1029. It was

the duty of the heirs of Tapp. on their failure directly to attack the replevin judgment, to return the Liberty Bond to Payne. It was not necessary that Payne cause the issuance of execution on replevin judgment as a condition precedent to the enforcement of his rights against defendants on their bond. First State Bank v. Martin et al. (Kan.) 106 Pac. 1056; Gerber et al. v. Wehner, 96 Okla. 48, 220 Pac. 648; 34 Cyc. 1591.

We deem it unnecessary to discuss the further technical contentions of defendants. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 Cyc. p. 1596. (2) 34 C. J. p. 547.