412 P.2d 869

**GENERAL INSURANCE COMPANY OF AMERICA, Defendant Bonding Company, Appellant,**

v.

**M. V. DEEN, Appellee.**

**No. 2 CA–CIV 98.**

Court of Appeals of Arizona.

April 7, 1966.

Rehearing Denied May 4, 1966.

Review Denied June 7, 1966.

**188**

William L. McClain, Phoenix, Anne Kappes, Phoenix, of counsel, for appellant.

V. L. Hash, Phoenix, for appellee.

MOLLOY, Judge.

This is an appeal by General Insurance Company of America from a judgment rendered against it, as surety on a replevin bond, in favor of M. V. Deen, an intervenor-defendant in an action originally brought by Ralph Blackburn and Everett Blackburn doing business as Midwest Securities Company, plaintiffs, against one Tommy Deen, defendant. Appellant bonding company was not a named party to the action below and it contends that the statute which provides for judgment against a surety in a replevin action without notice is unconstitutional as a violation of due process of law, and further that M. V. Deen, the intervenor, was not a defendant in the action and hence cannot be a beneficiary of the bond.

Tommy Deen, son of the intervenor, executed a promissory note, secured by a chattel mortgage on specified personal property, to one Scott Kellog, which note and mortgage were subsequently transferred to Midwest Securities Company. Tommy Deen defaulted in his payments on the note and Midwest filed an action to collect on the note and foreclose the mortgage. Midwest secured a writ of replevin for the mortgage chattels, (one 1959 Allis-Chalmers Tractor, one bulldozer attachment, one 1956 Allis-Chalmers Tractor, and one 1955 Allis-Chalmers Tractor with front-end loader) and the chattels were replevied from the possession of M. V. Deen by the sheriff in the presence of one of the plaintiffs. Bond was filed in favor of "said defendants" (Tommy Deen and Jane Doe Deen, his wife; John Doe, Richard Roe, First Corporation and Second Corporation) with appellant General Insurance Company as surety on the bond.

M. V. Deen moved to intervene, claiming to be the owner of the replevied property. The following minute entry was subsequently entered:

"IT IS ORDERED that the Motion to Intervene as Defendant filed in the above entitled cause be and the same is hereby granted."

M. V. Deen filed an amended answer in which he claimed ownership of the replevied property, and prayed for damages. At the trial the plaintiffs and the intervenor appeared; Tommy Deen did not. Judgment was rendered against the defendant Tommy Deen, and the appellant-surety for $8,510.00, $5,000.00 of which was for the value at the time of trial of the equipment replevied and the balance for loss of use of the equipment between the date of replevy and the time of trial.

■ General Insurance Company of America, appellant herein, was not a named party to the action below and it is therefore necessary to determine whether it is entitled to appeal from the judgment rendered. In Christian v. Cotten, 1 Ariz. App. 421, 403 P.2d 825 (1965), this court held that in order for a person to be entitled to appeal it must be both (1) a party to the action and (2) one "aggrieved" by the judgment or order appealed from. 16 A.R.S. Rule 73(a), Rules of Civil Procedure. Although the appellant was not a named party to the action, it did execute the bond required by law (A.R.S. § 12–1303), which bond was before the court. It has frequently been held that the surety on a replevin bond is to all intents and purposes a party to the replevin proceeding, and that judgment may properly be rendered against him in such proceeding. 77 C.J.S. Replevin § 242; Hargraves v. Hamilton National Bank, 27 Tenn.App. 655, 184 S.W.2d 397 (1944); Speight Box & Panel Co. v. Ipock, 217 N.C. 375, 8 S.E.2d 243 (1940); Moore v. Humphrey, 247 N.C. 423, 101 S.E.2d 460 (1958); Evans v. Kloeppel, 72 Fla. 267, 73 So. 180 (1916); Cabell v. Floyd, 21 Tex.Civ. App. 135, 50 S.W. 478 (1899); Glenn v. Porter, 68 Ark. 320, 57 S.W. 1109 (1900); Moore v. Kepner, 7 Neb. 291 (1878); Pratt v. Donovan, 10 Wis. 378 (1860). Further, there can be no question

but that one against whom judgment has been rendered is "aggrieved." We therefore hold that the test set forth in Christian v. Cotten, supra, has been satisfied and that the appellant-surety is entitled to prosecute this appeal.

■ The second matter for determination is whether the appellee M. V. Deen may be allowed to recover on the bond issued by the appellant.

16 A.R.S. Rule 24, Rules of Civil Procedure, provides:

> "24(a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action:
>
> \*   \*   \*   \*   \*   \*
>
> "3. When the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or of an officer thereof."

Clearly the provisions of 16 A.R.S. Rule 24(a)(3), Rules of Civil Procedure, apply to the appellee M. V. Deen. See 2 Barron and Holtzoff, Federal Practice and Procedure, § 598, pp. 382–86. M. V. Deen was therefore entitled to intervene as a matter of right in this action. Appellant insists, however, that in spite of M. V. Deen's right to intervene, judgment in favor of M. V. Deen on the surety bond was improper since M. V. Deen was not a named beneficiary of its bond.

A.R.S. § 12–1308 provides:

> "A. If the defendant alleges that he is the owner of the property, is entitled to its possession and demands its return, and if on the trial it is found that he is its owner and that he was at the time the action was brought entitled to its possession, then on the trial the value of the property replevied shall be found, together with any damage the defendant has suffered for the wrongful seizure of the property, and judgment shall be against the plaintiff claimant *and the sureties* on the replevin bond for the value of the property, the damages and costs of the action. The judgment shall also be for the return of the property to the adverse party at a time and place specified.
>
> "B. The *defendant* shall elect whether he will take the property itself or the amount found as the value of the property. The election shall be made in order to permit the plaintiff a reasonable time before the time specified in the judgment for delivery of the property. The election may be made in open court, or by an instrument in writing filed in the action." (Emphasis added)

The weight of authority, where decisions are based on the existence of a statute similar to A.R.S. § 12–1308, is adequately stated in 46 Am.Jur. Replevin § 168:

> "\* \* \* where, by statute, in an action for *the return of personal property*, a person, although not a party to the action, having an interest in the subject matter thereof, may be made a party upon proper application to the court, the surety is bound to take notice of such statute when the bond is executed. The undertaking obligates the surety to return the property involved to the defendants if the return is adjudged, that is, *to those who are defendants at the time the judgment is rendered*. This interpretation does not change or enlarge the liability of the surety, although it may change the beneficiary." (Emphasis added)

See also 77 C.J.S. Replevin § 332. The leading case advocating the proposition just stated is Becovitz v. Sapperstein, 46 Ind. App. 339, 92 N.E. 551 (1910). In Becovitz, the court reasoned further:

> "The suit was instituted to determine the rights of the parties in the property in question, and such right could only be settled by the adjudication. But one bond is contemplated for the return of property in one action, and that is for the benefit of any party to the suit when the return is adjudged."

92 N.E. at 551–552.

In Union Trust Co. v. Shoemaker, 258 Ill. 564, 101 N.E. 1050 (1913), it was said:

"The bond was given in contemplation of the ordinary course of judicial proceedings, in which the court may permit amendments changing the parties or otherwise amending the proceedings, providing no new cause of action is introduced. The object of the bond was to indemnify the party actually interested at the time judgment should be rendered against the wrongful prosecution of that supposed cause of action, and the possible exercise of the power of amendment and substitution of parties must be regarded as within the contemplation of the obligors when it was executed."

101 N.E. at 1052.

See also Grimes v. Payne, 116 Okl. 295, 244 P. 753 (1925); Annot., Ann.Cas.1913D, 1104; McLaughlin, J., dissenting in First Commercial Bank of Pontiac v. Valentine, 155 App.Div. 91, 139 N.Y.S. 1037, 1041.

We are accordingly of the opinion that one entitled as a matter of right to intervene in a replevin action may become a party defendant to the action and upon so doing becomes a beneficiary under the surety bond required by law for the protection of those whose interests in the subject property may be jeopardized by the principal's action.

The relationship between principal and surety must be borne in mind and coupled with the legislative intent embodied in A.R.S. § 12–1308. In 77 C.J.S. Replevin § 320, p. 230, it is stated:

"The general rule as to the conclusiveness on the surety on a bond given in the course of legal proceedings, of a judgment against the principal, as considered in Principal and Surety § 261, applies to a surety on a replevin bond so that he is conclusively bound by the judgment against this principal as to all matters which were, and, in some jurisdictions, which might have been litigated in the replevin action, although he was not served with process and did not appear and defend, * * *."

In the early case of Pratt v. Donovan, 10 Wis. 378 (1860), it was said:

"By their undertaking they [the surety] are bound for 'the prosecution of the action,' and by entering into it and thus connecting themselves with the suit, they consent to all the consequences to which such connection by law subjected them. By their very undertaking, their right depends on the result of the suit as to their principal, and the trial which determines his right, determines theirs. They have substantially their day in court, and consent that their fate shall abide their principal."

10 Wis. 378 (1860)

Appellant contends further, however, that the statute providing for judgment in favor of the defendant against the plaintiff "and his surety" is unconstitutional. It is the appellant's position that the procedure provided by statute does not afford due process of law.

The constitutionality of the Arizona Statutes (A.R.S. §§ 12–1308, 12–1309) has not been determined. Generally, however, due to the nature of the undertaking and the corresponding notice which the character of the undertaking affords the surety, judgment under a statute similar to the Arizona statute would be unassailable. In 77 C.J.S. Replevin § 324, it is stated:

"Statutes providing for proceedings by rule or motion for judgment and award of execution on the replevin or redelivery bond, after breach thereof, have been construed and applied; and where a judgment is rendered against plaintiff in replevin, it may at the same time be entered up against the sureties on his replevin bond, or at a subsequent time, *without further notice to the surety*. Such a proceeding, however, being a summary remedy, must conform to the statute in all material respects, and the judgment must be such as is authorized by law."
(Emphasis added)

Whether such a procedure similar to that provided for by A.R.S. § 12–1308 satisfies

the ordinary due process requirements of notice and an opportunity to be heard has been considered in several cases.

In Pratt v. Donovan, supra, due process was held to have been satisfied. In another early case, Moore v. Kepner, 7 Neb. 291 (1878), the court stated:

"As a rule, sureties upon bonds and contracts are entitled to notice of the pendency of an action upon such obligations, and they will not be concluded by the judgment unless they have had an opportunity to defend. But this rule has no application where the surety has contracted in reference to one of the parties to an action in court in the nature of the one at the bar [replevin]. In such case, by becoming surety, he submits to the jurisdiction of the court, and is concluded by the judgment."

7 Neb. 291 (1878)

Other cases have held that the execution of the bond itself afforded sufficient notice to the surety. Cabell v. Floyd, 21 Tex.Civ. App. 135, 50 S.W. 478 (1899); Glenn v. Porter, 68 Ark. 320, 57 S.W. 1109 (1900); Tripplett v. Hendricks, 212 S.W. 754 (Tex. Civ.App.1919). In Evans v. Kloeppel, 72 Fla. 267, 73 So. 180 (1916), a statute similar to A.R.S. § 12–1308 was attacked as unconstitutionally violative of due process. The court said:

"The great weight of authority is to the effect that the surety by signing the undertaking becomes a quasi party to the suit and is held to have notice of all the proceedings thereafter in the suit that may affect his liability on the undertaking. 'The statute was designed to give a speedy remedy against those who, by becoming surety on such undertakings, have assisted another in depriving a party of his property.' Richardson v. People's Nat. Bank, supra. [57 Ohio State 299, 48 N.E. 1100] *The statutes do not do violence to the due process clause of the fourteenth amendment, because the surety by signing the undertaking, the condition and consequences of which are affixed by statute, enters the court for the purpose of contesting or aiding his principal in contesting a question in an action pending in the court and is thus deemed to have submitted himself to the jurisdiction of the court for all purposes of the action.* York v. [State of] Texas, 137 U.S. 15, 11 Sup.Ct. 9, 34 L.Ed. 604; Western [Life] Indemnity Company of Illinois v. Rupp, 235 U.S. 261, 35 Sup.Ct. 37, 59 L.Ed. 220." (Emphasis added) 73 So. at 187

The Evans decision has been followed in Capitol Indemnity Insurance Company v. State of Florida, 86 So.2d 156 (Fla.1956).

In 1932 the United States Supreme Court had occasion to consider a similar question. American Surety Company v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932). In Baldwin the state court had entered judgment against a surety on a supersedeas bond without a hearing or notice and the Supreme Court held that there was no violation of due process of law. Justice Brandeis, speaking for the court, said:

"In order to contest its liability, the surety company had the constitutional right to be heard at some time on the construction of the bond. The state practice provided the opportunity for such a hearing *by an appeal after the entry of judgment.*

"The practice prescribed was constitutional. Due process requires that there be an opportunity to present every available defense; but it need not be before the entry of judgment. York v. State of Texas, 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604. Compare Grant Timber & Manufacturing Co. v. Gray, 236 U.S. 133, 35 S.Ct. 279, 59 L.Ed. 501, Bianchi v. Morales, 262 U.S. 170, 43 S.Ct. 526, 67 L.Ed. 928. See, also, Phillips v. Commissioner [of Internal Revenue], 283 U.S. 589, 596–597, 51 S.Ct. 608, 75 L.Ed. 1289; Coffin Brothers & Co. v. Bennett, 277 U.S. 29, 48 S.Ct. 422, 72 L.Ed. 768. An appeal on the record which included the bond afforded an adequate opportunity. Thus the entry of judgment was consistent with due process of law. We

need not inquire whether its validity may not rest also on the ground that the surety company, by giving the bond, must be taken to have consented to the state procedure. Compare United Surety Co. v. American Fruit Product Co., 238 U.S. 140, 142, 35 S.Ct. 828, 59 L.Ed. 1238, Corn Exchange Bank v. [Coler] Commissioner, 280 U.S. 218, 223, 50 S.Ct. 94, 74 L.Ed. 378."
53 S.Ct. at 102

■ 16 A.R.S. Rule 77(h) Arizona Rules of Civil Procedure, provides that upon the entry of judgment " * * * the clerk shall serve a notice of the entry * * * upon every party affected thereby * * *." We believe that a surety against whom judgment has been entered in pursuance of A.R.S. § 12–1308 is such a party. Upon receiving such notice the surety would have opportunity to raise any defenses as to which there would not be a substantial identity of interest between the surety and and principal,[1] either under Rule 59, Rules of Civil Procedure (motion for new trial and/or to vacate judgment) or under other appropriate post-judgment procedures. In this case, it is not clear from the record whether such notice was sent to the surety. But we are here presented only with defenses as to which there is a substantial mutuality of interest between the principal and the surety. It is therefore not significant whether the notice required by Rule 77(h) was given. We hold, under the foregoing authorities, that the surety is bound by the representation accorded to it through its principal as to the defenses raised here

and that there has been no violation of due process in rendering judgment against it.

■ The appellant-surety finally contends that there is no foundation for judgment for damages for loss of use of the tractors. With this contention we are unable to agree. The statute (A.R.S. § 12–1308) provides for damage for loss of use and testimony revealed that M. V. Deen had lost the benefits of a contract for the use of one of the tractors at the rate of $900.00 per month from the date of replevy, March 8, 1963, until date of trial, April 8, 1964. There was an estimate from the witness M. V. Deen that he had lost something over $10,000.00 in rental use by the replevying of his equipment. While testimony from the plaintiffs indicated that the rental amount claimed was very handsome for the equipment involved, we are unable to say that the trial court had no reasonable basis for its determination of damage for loss of use. In General Motors Acceptance Corporation v. Hill, 95 Ariz. 347, 390 P.2d 843 (1964), the Supreme Court said:

"The uniform holding of this Court is that the measure of damages in an action in replevin is the value of the article at the time of trial *plus damages for the wrongful detention*. Coffey v. Williams, 69 Ariz. 126, 210 P.2d 959; Consolidated National Bank of Tucson v. Cunningham, 24 Ariz. 437, 210 P. 850." (Emphasis added)

95 Ariz. at 352, 390 P.2d at 846.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

---

1. A general statement of the defenses which the surety may raise is found at 77 C.J.S. Replevin § 320, p. 230:
   "The surety is not bound as to matter not within the issues and not affecting the merits of the replevin suit and not necessary to be pleaded therein, nor is he bound by a replevin judgment procured by fraud, mistake or collusion, or entered by a court having no jurisdiction to enter judgment other than a judgment of dismissal."