COMMERCIAL CREDIT CORPORATION *v.* MACKAY.

4-9911 252 S. W. 2d 819

Opinion delivered November 24, 1952.

*Shackleford & Shackleford,* for appellant.

*Walter L. Brown,* for appellee.

ED. F. McFADDIN, Justice. This is an appeal by the plaintiff from an adverse judgment and presents a question involving procedural matters.

On June 5, 1951, Commercial Credit Corporation (hereinafter called "Plaintiff"), filed action in replevin against Mrs. Mackay (hereinafter called "Defendant") to recover an automobile in the possession of the defendant and to which the plaintiff claimed title. Plaintiff gave bond as provided by law,[1] and the Sheriff seized the car. When the defendant failed to execute a cross-bond within two days,[2] the Sheriff delivered the car to the plaintiff [3] on June 7th. Then on June 12th, plaintiff's attorney entered, on the page of the Court docket where the replevin case was listed, the following notation, dated, signed by the plaintiff's attorney, and attested by the Clerk, to-wit: "Dismissed without prejudice."

On July 27, 1951, the defendant filed answer in the replevin action, denying the allegations of the complaint and seeking damages. After amended and substituted answer, and amended reply, the plaintiff filed a motion on December 7, 1951, asking that the plaintiff's original action in replevin be "reinstated." When this motion was denied, the plaintiff saved exceptions and the cause was tried to a jury on December 7th; and the Court— over plaintiff's objections and exceptions—limited the issues to the value of the car and the defendant's damages. In other words, the Trial Court ruled that all questions as to plaintiff's right of replevin were precluded by the notation of dismissal previously mentioned.[4]

---

[1] Sec. 34-2105 Ark. Stats.

[2] Sec. 34-2109 Ark. Stats.

[3] Sec. 34-2108 Ark. Stats.

[4] In making the ruling the Trial Court said to the plaintiff's attorney:

"I do not think that the determination in this case will cut you off from bringing a suit on the contract, if you see fit to do so; but, under the state of the pleadings, now, the only issue for trial is the

The jury awarded the defendant a judgment for $2,250 for the value of the car and $500 for damages; and from a judgment on the verdict there is this appeal duly presenting the issue now to be discussed.

Even though the trial court refused the plaintiff's motion to "reinstate" the original replevin action, the fact is that the replevin action was never legally dismissed. This is true because the replevin action could not be dismissed in vacation under § 27-1406 Ark. Stats. (as was evidently attempted), because such section specifically says that dismissals can be made in all cases "except actions of replevin." The failure of the defendant to execute a cross-bond did not amount to a relinquishment of defendant's claim to the car because the taking of possession by the plaintiff under replevin bond made a pending action until the Court entered judgment.

Thus the vacation notation of June 12, 1951—"Dismissed without prejudice"—was without any legal authority; and the replevin case remained pending the same as if this notation had never been made. Why the plaintiff made the notation does not appear, but the defendant tacitly admitted the continued pendency of the replevin action when, on July 27th, she filed an answer to the complaint. We therefore hold that the trial court should have permitted the plaintiff to introduce its proof on the alleged cause of action of replevin. The plaintiff's motion seeking to "reinstate" the replevin action, together with the Court's ruling thereon and the plaintiff's exceptions of record, sufficiently show the error of the trial court.

The case at bar is entirely different from the case of *Glenn* v. *Porter*, 68 Ark. 320, 57 S. W. 1109, because in that case, the dismissal of the replevin action was in open court, which is permissible under § 27-1406 Ark. Stats. Likewise, in *Martin* v. *Hodge*, 47 Ark. 378, 1 S. W. 694, the original replevin action was dismissed in the

right of defendant to possession on the dismissal of your replevin action, and the question of the reasonable usable or rental value of the car for the time the plaintiff has had possession of it since such dismissal."

Court of the Justice of the Peace. In 2 A. L. R. 200 there is an Annotation on the voluntary dismissal of a replevin action; and many cases are there reviewed. But our attention has not been called to any decision[1]—supporting appellee's contention herein—from a jurisdiction having a Statute like our § 27-1406 Ark. Stats., which prohibits vacation dismissal of replevin actions.

Furthermore, we point out that, when the defendant sought damages from the plaintiff, then the plaintiff had the right, under our practice,[5] to offer every possible defense. One such defense was the plaintiff's claim to the legal title and right to possession of the car. The plaintiff, by the said motion to "reinstate" the replevin action, sought to offer a defense to the claim for damages. Even if the replevin action could have been legally dismissed without prejudice in vacation (which we have shown was not permitted under § 27-1406 Ark. Stats.), nevertheless the plaintiff had the right under our nonsuit statute,[6] to file a new action within one year from the date of the dismissal of the replevin suit. The motion to "reinstate" the replevin action was, therefore, in effect, tendering the replevin action as a defense against the defendant's damage claim.

The judgment of the Circuit Court is reversed, and the case is remanded.

---

[5] See § 27-1121, Ark. Stats., and cases cited in the Annotation to it.
[6] Sec. 37-222, Ark. Stats.