WIGGINTON, Acting Chief Judge.
The unsuccessful plaintiff in a replevin action has appealed a final judgment based upon a jury’s verdict which found right to possession of the motor vehicle in dispute to be vested in the defendant.
By its action plaintiff alleged itself to be the owner of a 1965 Cadillac automobile under an assignment of a certificate of title issued to the original purchaser by the State of Illinois. Plaintiff claims that the vehicle was stolen from the owner and transported to the State of Florida where it eventually came into the possession of defendant.
Defendant claims to be the owner of the vehicle by having purchased it in good faith, and for value, from an automobile dealer in Jacksonville, which ownership is evidenced by a certificate of title issued to defendant by the State Motor Vehicle Commissioner of Florida.
The vehicle found in defendant’s possession is of the same general description contained in the title certificate held by each of the parties to this action. Stamped on the frame of the vehicle is a number which corresponds with the serial or identification number appearing in plaintiff’s title certificate. A plastic plate attached to the doorpost of the vehicle bears a number corresponding to the serial or identification number appearing in defendant’s title certificate.
The sole issue submitted to the jury for its decision was the question of identification of the vehicle. Appellant urges that the only credible evidence before the jury revealed that the true serial or identification number of the vehicle was that stamped on the frame which corresponds with the serial number appearing in its title certificate. Defendant quite naturally takes the contrary position and asserts that the evidence reveals more than one number to be stamped on the frame of the vehicle, and the jury was privileged to believe that those numbers denoted something other than the serial number of the vehicle. From this revelation defendant insists that the true serial or identification number was that appearing on the plastic plate attached to the doorpost which corresponded with the serial number on his title certificate, and the jury was justified in so concluding.
It is our view that the matter of identification was one to be determined by the jury on the evidence before it, from which evidence reasonable men might have properly drawn different or conflicting inferences. We therefore conclude that the trial court was correct in submitting this issue to the jury, and did not err in denying appellant’s initial and renewed motions for a directed verdict, and its motion for a new trial. We are not authorized to retry the case on the evidence, or to substitute our judgment for that of a jury.[1]
The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., and SACK, JJ., concur.

. White v. Acker, (Fla.App.1963) 155 So.2d 176.