FARRINGTON, OTIS, Associate Judge.
Plaintiff, R. B. Mercer, filed this replev-in suit to recover a 1966 Cadillac automobile from the sheriff of Brevard County, whose deputy had taken it from Mercer’s possession for the reason that the deputy sheriff believed it to be a stolen automobile. Theodore R. Abdenour and Federal Insurance Company intervened, claiming that the automobile which Mercer sought to replevin from the sheriff had been previously stolen from Abdenour in Brooklyn, New York, and that Abdenour’s insurance company, Federal, acquired title by bill of sale from Abdenour upon paying the theft claim. After a trial by the court a final judgment was entered in favor of the plaintiff Mercer, from which the interve-nors have filed this appeal.
In February, 1967, plaintiff Mercer was informed that the sheriff of Brevard County was checking 1966 Cadillac automobiles in that county in connection with an investigation of a stolen car ring. He telephoned the sheriff’s office and requested a check of the 1966 Cadillac he had purchased in November, 1966, from one Myer Bearman.
The resulting check by a deputy sheriff revealed that the identification number on the plastic door plate (B6027715) was different from the identification number stamped on the frame, and according to the deputy sheriff’s testimony, on the engine block of the subject automobile *245 (B6272188). The deputy sheriff forwarded the identification numbers by teletype to the National Auto Theft Bureau. Upon receiving advice from that agency that the identification number appearing on the frame, and according to the deputy sheriff’s testimony, on the engine block was the identification number of a vehicle stolen from Abdenour in Brooklyn, New York, in July, 1966, the deputy sheriff took possession of the subject automobile for the purpose of holding it as evidence.
The intervenors moved for summary judgment based on affidavits. In his order denying intervenors’ motion for summary judgment, entered prior to the trial, the judge made the determination, as authorized under the provisions of Rule 1.510(c) F.R.C.P., 31 F.S.A., that certain facts existed without substantial controversy. This portion of the order is quoted as follows:
“2. The material facts which exist without substantial controversy in this case are as follows:
“a. That Theodore R. Abdenour purchased a new 1966, vinyl top, four door sedan deVille Cadillac from Balmer Cadillac, 8904 Fifth Avenue, Brooklyn, New York, on July 8,1966.
“b. That the serial or identification number on the Cadillac set out in Paragraph 2a above was B6-272188.
“c. That the Cadillac set out in Paragraph 2a above was stolen from Theodore R. Abdenour on July 25, 1966, while it was parked between Shore Road and Third Avenue, Brooklyn, New York.
“d. That the automobile involved in this case is a 1966 Cadillac Sedan de-Ville, whose unaltered true identification number found on the right front frame reads B6-272188, and whose door plate number reads B6-027715. The door plate number, B6-027715, is an incorrect identification number.
“e. That on September 15, 1966, Theodore R. Abdenour submitted an automobile Proof of Loss to The Federal Insurance Company, notifying it of the theft of said Cadillac and making claim on the insurance company for the value of said Cadillac.
“f. That on September 15, 1966, in consideration of the receipt of $6,440.70 in hand paid by Federal Insurance Company, Theodore R. Abdenour sold to said Federal Insurance Company said 1966 Cadillac bearing serial number B6-272188.”
At the trial Mercer testified that he purchased the subject automobile from Bear-man in November, 1966, for $3000.00, which was substantially below the then market value of similar used automobiles in the area. He received a Florida title certificate from Bearman purporting to be for a 1966 Cadillac registered in the name of Bearman and indicating the identification number of the titled automobile to be B6027715. Mercer checked this number and found that it corresponded to the identification number on the plastic door plate of the automobile delivered to him by Bearman. Bearman’s title certificate was properly endorsed for transfer to Mercer, and by application therefor Mercer routinely received a Florida title certificate in his own name.
Mercer testified that after he regained possession of the subject vehicle through the replevin action (the sheriff declined to post a forthcoming bond) he checked the numbers on the frame and engine block and found them different from each other and each different from the number on the plastic door plate. He did not recall the specific numbers.
Intervenors established by expert testimony that the identification number on Mercer’s Florida title certificate and the plastic door plate could not have been the correct identification number for the re-plevined 1966 Cadillac automobile since it was inconsistent with the manufacturer’s numbering system. The manufacturer’s numbering system for 1966 Cadillac automobiles was the assignment of a different identification number to each automobile *246 manufactured, consisting of the Model Identity Symbol “B”, Model Year Symbol “6” and a sequential Production Number starting with 100001. The number on the frame, and according to the intervenors’ witnesses, on the engine block of the subject automobile which corresponded to the identification number on intervenors’ title papers was an appropriate number for that model Cadillac.
At the conclusion of the trial the trial judge entered a final judgment for the plaintiff Mercer, finding that the case resolved into a question of fact as to the identity of the automobile in question similar to the factual situation in the case of General Accident Fire and Life Assurance Corp. v. Skaff,[1] and that plaintiff Mercer had established his right to possession by a preponderance of the evidence.
The Skaff case is factually quite similar to this case; but the holding in Skaff is not a valid precedent for determination of the issues in this case, since in Skaff the question of which was the true identification number of the replevined vehicle was the chief issue for determination at the trial and this issue was submitted to and determined by the jury. In this case it was determined prior to trial by the judge’s order previously quoted specifying uncontroverted facts that the true identification number of the subject vehicle was the number appearing on the intervenors’ title papers, and that the door plate number which corresponded to the identification number appearing on Mercer’s title certificate was an incorrect identification number. Where the court in ruling on a motion for summary judgment enters an order specifying that certain material facts exist without substantial controversy, as was done in this case, the Florida Rules of Civil Procedure require that on trial of the action the facts so specified shall be deemed established and the trial shall be conducted accordingly. Rule 1.510(d) F. R.C.P.
We find that the question of which was the correct identification number of the subject automobile had been concluded adversely to plaintiff Mercer by the previously quoted order of the judge specifying uncontroverted facts, and was therefore not a proper issue to be litigated at the trial. The correctness of that order has not been challenged in this appeal. The uncontroverted facts specified in that order, together with the evidence presented by the intervenors at trial which included a certified copy of New York title papers showing Abdenour to be the original purchaser of a 1966 Cadillac automobile bearing the identification number B6-272188, established by the manifest weight of the evidence that the subject vehicle was the vehicle previously stolen from Abdenour and the vehicle described in intervenors’ title papers. Careful examination of the evidence presented at the trial reveals that plaintiff Mercer produced no substantial evidence to the contrary.
Appellee contends that the trial court should not recognize the claim of the intervenors to the subject vehicle by reason of the provisions of F.S. Section 319.22, F.S.A., to the effect that:
“ * * * Except as otherwise provided herein, no court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to *247 any such motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by and on a certificate of title duly issued, in accordance with the provisions of this law.”
This contention is without merit. The provisions of F.S. ch. 319, F.S.A., relating to Florida title certificates are not applicable except under circumstances not pertinent here to a vehicle owned by a non-resident of Florida. F.S. Section 319.20, F.S.A.; F.S. Section 320.37, F.S.A. It would be unreasonable to construe the quoted section of F.S. ch. 319, F.S.A., as requiring the owner of a vehicle stolen in another state and later located in Florida to obtain a Florida title certificate as a prerequisite to instituting court action to recover possession of the stolen vehicle.
Although plaintiff’s Florida title certificate appeared regular, it was in fact not a valid title certificate for the subject vehicle because the identification number appearing thereon was not the correct identification number of the subject vehicle. The obtaining of a Florida motor vehicle title certificate does not vest title where none exists. Under Florida law, in the absence of some intervening principle of estoppel, one in possession under a defective Florida title certificate cannot defeat recovery of the vehicle by the true owner. Avis Rent-A-Car System, Inc. v. Harrison Motor Co., Fla.App.1963, 151 So. 2d 855; R. S. Evans Motors of Jacksonville, Inc. v. Hanson, Fla.App.1961, 130 So.2d 297.
For the reasons stated, the final judgment appealed from is reversed with directions to enter final judgment for the inter-venor, Federal Insurance Company, for possession of the replevined automobile and against plaintiff R. B. Mercer and his surety for the value of the replevined automobile and costs as provided by F.S. Section 78.21, F.S.A.
WALDEN and OWEN, JJ., concur.

. In General Accident Fire and Life Assurance Corp. v. Skaff, Fla.App.1966, 193 So.2d 21, a replevin action involving a 1965 Cadillac, plaintiff claimed under an assignment of an original certificate of title issued in Illinois bearing an identification number corresponding to the number stamped on the frame. Plaintiff claimed the vehicle was stolen from the owner and transported to Florida where it eventually came into the possession of defendant. Defendant had a Florida title certificate corresponding to the number appearing on a plastic door plate. The case was submitted to the jury on the question of identity of the vehicle, and a verdict was returned for the defendant. On appeal the question of identity was held to have been properly submitted to the jury and the judgment was affirmed.