MAGER, Judge.
This is an appeal from a final judgmnet entered pursuant to a mandate of this court. In Federal Insurance Company v. Mercer, Fla.App.1970, 237 So.2d 243, this court reversed a final judgment previously entered in favor of R. B. Mercer, plaintiff-appellee in that cause, and concluded as follows:
“For the reasons stated, the final judgment appealed from is reversed with directions to enter final judgment for the intervenor, Federal Insurance Company, for possession of the replev-ined automobile and against plaintiff R. B. Mercer and his surety for the value of the replevined automobile and costs as provided by F.S. Section 78.21, F.S.A.” (Emphasis supplied)
The surety, Travelers Indemnity Company, appellant herein, takes the position that the final judgment which was predicated upon the above quoted language is erroneous by reason of the fact that such judgment binds the surety to a person other than the individual named in the surety bond. The pertinent facts are as follows. Mercer, plaintiff below, filed a replevin suit against *284 Sheriff Leigh S. Wilson, defendant below, seeking to recover an automobile which had been taken from Mercer’s possession because it was believed to be stolen. Mercer, in accordance with the provision of Section 78.07, filed a replevin bond executed by Travelers. The bond provides in part that Mercer as principal and Travelers as surety “are held and firmly bound unto Leigh Wilson as sheriff * * The sheriff filed an answer in which he alleged, among other things, that the vehicle in his custody was stolen from Theodore Abdenour. Subsequently the Federal Insurance Company, appellee herein, filed a petition to intervene asserting the ownership of the automobile by Abdenour and additionally asserting that as Abdenour’s insurer it had paid him for the loss of the vehicle and thereby became subrogated to any claim which Abdenour had for damages resulting from the aforementioned loss. Mercer stipulated that appellee and Abdenour could intervene as defendants in the replevin suit and that the intervening defendants “shall not be bound by the case as they find it but that they be considered as original defendants in this case and acquire all the rights of an original defendant”. The trial court entered an order granting the petition to intervene, concluding:
“ * * * [Ojrdered that the petitioners herein be allowed to intervene as defendants in the above styled cause and grant them ten days to file an answer herein; pursuant to stipulation.” [1] (Emphasis added.)
It is to be noted that no active part was taken by the sheriff in the proceedings below and, also, that Travelers, the appellant herein, was not a party to the proceedings below. Subsequently the trial court found for Mercer, the defendant-intervenors appealed and the cause was reversed. Federal Insurance Company v. Mercer, supra.
Travelers takes the position that when it executed the surety bond in favor of Mercer, its principal, it bound itself only to Sheriff Wilson and not to the defendant-intervenors below who ultimately prevailed. Travelers asserts that to require it to be bound unto the defendant-intervenor constitutes a material alteration in the contract of suretyship prejudicing its position and thereby releases the surety from any obligation. See 30 Fla.Jur., Suretyship and Guaranty, § 14. We reject this contention and in so doing make the following observations.
In Evans v. Kloeppel, 1916, 72 Fla. 267, 73 So. 180, the Supreme Court of Florida discussed the relationship of a surety under the required replevin bond. The Supreme Court initially observed that a surety, by signing the undertaking, “becomes a quasi party to the suit and is held to have notice of all the proceedings thereafter in the suit that may affect his liability on the undertaking”. In discussing the practice prior to the adoption of statutes relating to re-plevin, the court observed, at pp. 186-187:
“ * * * In this state the forthcoming bond is a convenient substitute for the old practice. It is bond given in the course of legal proceedings, the sureties having full knowledge of the consequences to them of a judgment against their principal. By becoming sureties upon the bond they submit themselves to the acts of the principal and to the judg *285 ment as itself a legal consequence falling within the suretyship. They are represented in the proceedings by their principal, are bound by his acts, and are quasi parties to the suit. They thus have their day in court, being by their act conclusively bound by the judgment against their principal to the exclusion of all defenses that were or might have been set up by him. [Citations omitted] * * * The statutes do not do violence to the due process clause of the fourteenth amendment, because the surety by signing the undertaking, the condition and consequences of which are fixed by statute, enters the court for the purpose of contesting or aiding his principal in contesting a question in an action pending in the court and is thus deemed to have submitted himself to the jurisdiction of the court for all purposes of the action." [Citations omitted; emphasis added.]
As a general proposition, contracts of suretyship are regarded as analogous to contracts of insurance in that the various rules of construction governing insurance policies are applicable; as to sureties who receive compensation their contracts are construed most strictly against them and in favor of the obligee. 30 Fla. Jur., Suretyship and Guaranty, § 11. When Mercer, principal, stipulated to the intervention of the appellee “as a defendant”, Travelers, as surety, was put on notice of the claim of the appellee and thereby became bound by the subsequent proceedings and judgment as a legal consequence within the suretyship contract. Under these circumstances appellee became a third party beneficiary and as such was in a position to recover on the surety bond intended for his benefit as well as for the benefit of the formal parties to the bond. American Surety Co. of New York v. Smith, 1930, 100 Fla. 1012, 130 So. 440. See also National Union Fire Ins. Co. v. Westinghouse Elec. Sup. Co., Fla.App.1968, 206 So.2d 60.
The precise question of the surety’s liability to an intervenor-defendant, to our knowledge, has not been treated by any court in this state. However, in General Insurance Company of America v. Deen, 1966, 3 Ariz.App. 187, 412 P.2d 869, the Court of Appeals of Arizona was faced with a factual situation strikingly similar to the case sub judice. There Midwest Securities Company filed an action to collect a defaulted note against Tommy Deen. Midwest took out a writ of replevin for certain mortgaged chattels which secured the note. General Insurance Company was the surety on the replevined bond and the bond was filed in favor of the defendants in the Midwest replevin suit. M. V. Deen, the father of Tommy Deen, claimed to be the owner of the replevied property and moved to intervene. The trial court entered an order permitting M. V. Deen “to intervene as defendant” in that cause.[2] The court found in favor of M. V. Deen and entered a judgment against General Insurance Company, as surety on Midwest’s replevin bond. General Insurance Company, like Travelers, was not named as a party to the replevin action. The position taken by General Insurance Company was almost identical to the position taken by Travelers here:
“ * * * Appellant insists, however, that in spite of M. V. Deen’s right to intervene, judgment in favor of M. V. Deen on the surety bond was improper since M. V. Deen was not a named beneficiary of its bond." (Emphasis added.)
In rejecting this contention the court of appeals observed that the weight of authority reflects that becoming a surety under a replevin bond obligates the surety “to those who are defendants at the time the judgment is rendered * * * ”, and, furthermore, that this interpretation does not *286 change or enlarge the liability of the surety, although it may change the beneficiary. The court of appeals then concluded, at p. 872:
“We are accordingly of the opinion that one entitled as a matter of right to intervene in a replevin action may become a party defendant to the action and upon so doing becomes a beneficiary under the surety bond required by law for the protection of those whose interests in the subject property may be jeopardized by the principal’s action.”
It is to be noted that the replevin statute under consideration in the General Insurance Company case is analogous to the provisions of Section 78.21; so that when M. V. Deen intervened he became a ‘defendant’ much the same as Federal Insurance Company became a ‘defendant’ in the case sub judice within the meaning of Section 78.21, which section provides as follows :
“Judgment for defendant when goods not redelivered to him. — When the property has not been redelivered to defendant and he prevails, judgment shall be entered against plaintiff for possession of the property and costs and against him and his surety for the value of the property and costs in the same manner as provided in § 78.19, for judgment in favor of plaintiff. Defendant shall have the same election accorded to plaintiff in said section. The value of each article of goods replevied shall be found as directed in § 78.19, Florida Statutes, with the same exception.” (Emphasis added.)
Applying the foregoing to the circumstances of this case we are of the opinion that Travelers, as surety, became bound to the intervenor defendant and accordingly the final judgment of the trial court is consistent with our mandate and is hereby affirmed.
Affirmed.
CROSS and OWEN, JJ., concur.

. The trial court struck the following language from its order: “Further, it is ordered that such intervention not be in subordination to the propriety of the main proceedings, but that the intervenors be allowed to set up such defenses as would have been available to them if they, or one of them, had been sued originally, and that the intervenors not be bound by the case as they find it but that they be considered as original defendants in this case and acquire all the rights of an original defendant in this case.” It is to be noted the aforementioned language was previously embodied within the stipulation between Mercer and the intervenors and appears to have been stricken inasmuch as the order permitting intervention specifically did so “pursuant to stipulation”.

. Note the similarity between this order of intervention and the order entered by the trial court below, to wit, granting appellee leave “to intervene as defendant” in the proceedings below.