330 So.2d 250 (1976)
Endel ARE, and Fidelity and Deposit Company of Maryland, Appellants,
v.
BARNETT BANK OF MIAMI BEACH, N. A., Appellee.
Nos. 75-549, 75-1324.
District Court of Appeal of Florida, Third District.
March 2, 1976.
Rehearing Denied April 1, 1976.
Edward B. Johnson, Jr., Key West, for Are.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, and Thomas E. Scott, Jr., Ft. Lauderdale, for Fidelity & Deposit Co.
Feldman & Eden, Key West, Rosenberg, Rosenberg, Reisman & Glass, Miami, for appellee.
*251 Before PEARSON, HENDRY and NATHAN, JJ.
NATHAN, Judge.
These are consolidated appeals by Endel Are, defendant in the trial court, and Fidelity and Deposit Company of Maryland, his bond surety, from a summary judgment against them in favor of the plaintiff, Barnett Bank, in a replevin action which repossessed Are's motor home.
On July 27, 1972, Are, by installment contract, purchased an open road motor home to be used for business purposes, from Larry Costley Chevrolet, Inc. Shortly thereafter, the contract was assigned by Larry Costley Chevrolet, now a third party defendant in this lawsuit, to the Barnett Bank. Are made the installment payments required by the contract for almost a year. In September of 1973, Are failed and refused to make any further payment to the bank. In February of 1974, the bank accelerated the balance due on the contract and brought this suit in replevin. Are asserted as a defense to the suit that the motor home he purchased was a used, rather than a new motor home as represented and described in the contract, and that he repeatedly had to return the motor home to Larry Costley Chevrolet because of many defects which were never rectified. He contends that Barnett Bank is not a holder in due course of the contract between Larry Costley Chevrolet and himself; therefore, because the bank received the installment contract concurrently with its execution by himself and Larry Costley Chevrolet and was a part of the same transaction, his personal defenses may be interposed against the bank. Thus, it is Are's contention that the court erred in entering the summary judgment because there was a genuine issue of material fact to be determined by the trial court as to personal defenses.
The installment sale contract here involved contains the following provision:
"Buyer hereby represents and warrants to the assignee of this contract that Buyer shall perform all of the covenants of this contract without regard to any set-off, defense, or claim that Buyer may have against the original Seller, and agrees that Buyer will look only to the original Seller for performance of any covenants or warranties or redress for representations made concerning the property. Seller's assignee shall have all of the rights, powers and remedies of the original Seller, but shall be subject to none of the original Seller's obligations."
One question presented for our consideration is whether Are's agreement not to assert his defenses against the bank is enforceable in this case. § 679.9-206, Fla. Stat., provides in pertinent part:
"(1) Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the chapter on commercial paper (chapter 673) ..."
The bank concedes that it is not a holder in due course for the reason that no negotiable instrument was involved, but it contends that this is immaterial as § 679.9-206(1), Fla. Stat., quoted above, applies to assignees of installment contracts irrespective of their status as holders in due course and that Are, therefore, was entitled to assert as defenses to the bank's replevin suit, defenses of a type which may be asserted against a holder in due course *252 of a negotiable instrument.[1] The bank argues, however, that there were no defenses before the trial court which were applicable to its transaction with Are. We agree. In this case there is no genuine issue of material fact that the bank took the assignment of the contract from Larry Costley Chevrolet in good faith, without notice of a claim or defenses, and that Are made payments on the contract for almost a year without notifying the bank of any defects in the motor home. The record further reflects that the bank, as financier, did not maintain a close relationship with Larry Costley Chevrolet (the seller) when the contract was purchased, and that the bank was not closely connected with, or an integral part of, the business operations of Larry Costley Chevrolet. Therefore, we find that the agreement not to assert defenses is binding on Are as buyer. Compare Rehurek v. Chrysler Credit Corporation, Fla.App. 1972, 262 So.2d 452; Mutual Finance Company v. Martin, Fla. 1953, 63 So.2d 649; Industrial Credit Company v. Mike Bradford & Company, Fla.App. 1965, 177 So.2d 878.
Fidelity Deposit, as surety on the replevin forthcoming bond posted by Are in the sum of $9,000, appeals the summary judgment against it on the ground that it was never served with any notice of hearing, nor given any opportunity to be heard prior to entry of the judgment; that failure by the bank to give such notice violates due process of law and in particular 1.080(a), RCP, which requires that all papers filed in an action be served on each party. We hold that a surety on a forthcoming bond, where the defendant has retained the goods, is not a party within the meaning of 1.080(a), RCP. This court's task in reaching this determination has been alleviated to a great degree by the decision in Evans v. Kloeppel, 1916, 72 Fla. 267, 73 So. 180, 186-187, in which the Florida Supreme Court opined as follows with respect to the posture of a surety under a bond in a replevin suit:
"... the sureties having full knowledge of the consequences to them of a judgment against their principal. By becoming sureties upon the bond they submit themselves to the acts of the principal and to the judgment as itself a legal consequence falling within the suretyship. They are represented in the proceedings by their principal, are bound by his acts, and are quasi parties to the suit. They thus have their day in court, being by their act conclusively bound by the judgment against their principal to the exclusion of all defenses that were or might have been set up by him. [citations omitted] * * * The statutes do not do violence to the due process clause of the fourteenth amendment, because the surety by signing the undertaking, the condition and consequences of which are fixed by statute, enters the court for the purpose of contesting or aiding his principal in contesting a question in an action pending in the court and is thus deemed to have submitted himself to the jurisdiction of the court for all purposes of the action." [citations omitted, emphasis added]
Fidelity next contends that if they are not parties to the suit, an independent action should be brought against the surety on the bond. This is not so because § 78.19, Fla. Stat., provides for a judgment *253 against the principal and surety on a forthcoming bond where the defendant has retained the goods.
The summary judgment against Fidelity and Are is affirmed. However, since it was $374.30 in excess of the amount of the forthcoming bond, the judgment against Fidelity should be reduced in that amount.
Affirmed in part and reversed in part with directions.
PEARSON, Judge (concurring in part, dissenting in part).
Although I recognize the law as stated in the majority opinion (see Evans v. Kloeppel, 1916, 72 Fla. 267, 73 So. 180; Capitol Indemnity Ins. Co. v. State, Fla. 1956, 86 So.2d 156; and Travelers Indemnity Co. v. Mercer, Fla.App. 1971, 250 So.2d 283), I would hold that a judgment may not be entered against a surety in the absence of notice and an opportunity to defend. "In observing due process of law, the opportunity to be heard must be full and fair, not merely colorable or illusive." Ryan's Furniture Exchange v. McNair, 1935, 120 Fla. 109, 162 So. 483, 487.
NOTES
[1] § 673.3-305, Fla. Stat., provides in pertinent part:

"To the extent that a holder is a holder in due course he takes the instrument free from:
.....
(2) All defenses of any party to the instrument with whom the holder has not dealt except;
.....
(b) Such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and
(c) Such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; ..."