389 So.2d 1255 (1980)
HOME INSURANCE COMPANY ex rel. WHITE'S IMPORTS, INC., Appellant,
v.
Lamon H. Small, Appellee.
No. TT-71.
District Court of Appeal of Florida, First District.
November 17, 1980.
*1256 Danny L. Kepner of Shell, Fleming, Davis & Menge, Pensacola, for appellant.
Ronald W. Ritchie of Reeves, Barfield & King, Pensacola, for appellee.
MILLS, Chief Judge.
This appeal is from a final order denying a writ of replevin. We reverse.
On 6 April 1975, an automobile owned by White's Imports, Inc., appellant, was stolen from its car lot in Mobile, Alabama, and the theft was reported to the Mobile City Police. There was no title certificate for the *1257 car because the Alabama law at that time did not require a title certificate. The company made a claim against the insurance policy which, minus the deductible, was paid by Home Insurance Company. Upon payment, White's executed a receipt subrogating all rights and causes of action against third parties.
Subsequently, the car was found in Escambia County, Florida, and ended up in a "boneyard," a collecting place for abandoned vehicles operated by the Escambia County Sheriff's Department. A Pensacola area car dealer obtained possession of the car through illegal means, secured a Florida title certificate by submission of a false affidavit, and sold the car. Lamon Small eventually purchased the car from a person in the chain of title emanating from the car dealer.
In October 1978, Small learned that someone else had a claim on the vehicle and in February 1979 appellant learned that Small had the car. In the spring of 1979, Small had repairs costing $1,032.45 done to the car. On 26 June 1979, the action for replevin was filed against Small. Small defended by asserting three affirmative defenses: (1) that the action was barred by laches, (2) that plaintiff was estopped from asserting its claim because it failed to file or assert any claim with the Florida Division of Motor Vehicles, and (3) that the defendant was a good-faith purchaser in the ordinary course of business.
After a hearing the trial judge denied the writ of replevin on the basis that appellants were estopped from asserting the claim. The court further ruled that Small had an equitable lien for the repairs but that the amount of the lien need not be determined because of the ruling on replevin. We disagree with both holdings.
First of all, we should note that a person generally cannot transfer better title than he has. As stated in Federal Insurance Company v. Mercer, 237 So.2d 243 (Fla. 4th DCA 1970):
The obtaining of a Florida motor vehicle title certificate does not vest title where none exists. Under Florida law, in the absence of some intervening principle of estoppel, one in possession under a defective Florida title certificate cannot defeat recovery of the vehicle by the true owner." (237 So.2d at 247)
Thus, if Small were to prevail in his claim, he had to establish his estoppel defense.
This court, in Davis v. Evans, 132 So.2d 476 (Fla. 1st DCA 1961), accepted Lord Coke's definition of estoppel as a situation where "a man by his own acts or acceptance is concluded from saying the truth." In addition, the court identified the essential elements of estoppel as:
(1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon. (132 So.2d at 481)
The facts of this case reveal no misrepresentation by appellant nor any reliance by Small on any representation by it.
Small urges that the basis for estoppel is that appellant failed to notify the Florida Division of Motor Vehicles of the theft. Since Pensacola, Florida, is the nearest metropolitan center to Mobile, Small asserts, it was reasonable for appellant to anticipate that the automobile might be brought to Florida. In addition, Small points out that appellant knew of the location of the vehicle in February of 1979 and did nothing to assert its claim until June 1979-after Small had invested his time and money in repairs.
The facts of this case are similar to those in Avis Rent-a-Car System, Inc. v. Harrison Motor Co., 151 So.2d 855 (Fla. 2d DCA 1963). There a Vermont registered automobile was rented in New York State and not returned. It was reported stolen to the city and state police and to the F.B.I. The bailee brought the car to Florida and submitted a false application for a Florida title, secured such title, and sold the car to the *1258 defendant. The trial court held that the plaintiff was estopped to claim title because of a failure to notify Florida authorities. The Second District Court of Appeal reversed, holding that the plaintiff did not have knowledge that the thief would commit a crime and the car would be taken to Florida. Thus, he was not estopped to seek return of his car. While we recognize that Pensacola is near Mobile, we think one of the lessons of Avis is that the car may not be taken to the nearest large city or the nearest state. One could be as easily required to guess that the car would be taken to New York from Alabama as to guess that it would be taken to Florida from Alabama.
Even if Small's assertion that the failure of appellant to act for four months after it discovered the location of the vehicle established undue delay, which we do not concede, the time frame is not relevant to the issue of estoppel. Though misrepresentation may be by failure to act as well as by act, Davis v. Evans, supra, the relevant time frame would be when Small purchased the vehicle and it is undisputed that the purchase was in October of 1977 and appellant did not know where the vehicle was at that time.
In summary, it was error for the trial court to deny appellant's action for replevin on the ground that it was estopped from asserting the claim.
Regarding the question of Small's equitable lien for the repairs, we note that the trial court need not have ruled on this matter in light of its disposition of the replevin claim. Since it did do so, and our reversal of the replevin ruling requires a ruling on the equitable lien claim, we will, in the interest of judicial economy, dispose of that issue also.
The equitable lien issue was not raised by the pleadings; however, testimony concerning the amount of time, effort, and money put into the repairs of the vehicle by Small was introduced without objection. Under these circumstances, it was proper for the judge to treat the issue as though it had been raised by the pleadings. H. Trawick, Florida Practice and Procedure, §§ 14-6, 22-17 (1979).
On the merits, the claim of equitable lien should have been denied because it is undisputed that Small knew of the adverse claim to the automobile before he made the repairs or improvements. As the Florida Supreme Court held in Johns v. Gillian, 134 Fla. 575, 184 So. 140 (1938), a lien will not be imposed in favor of one who makes improvements when that person has notice of the existence of an adverse claim which subsequently proves to be superior. Notice is defined in that case as anything calculated to put a man of ordinary prudence on the alert. Estoppel against the appellants could be found if there were anything in the record to indicate that they knew that the repairs were being made and stood silently and allowed that to happen, but there is nothing in the record to indicate that they knew that.
REVERSED and REMANDED for proceedings consistent with this opinion.
McCORD and THOMPSON, JJ., concur.